# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE Z. GARCIA,<br><br>            Plaintiff,<br>    v.<br><br>JEFFERY ANDREW, *et al.*,<br><br>            Defendants. | Case No. CV 18-08198 MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

      Plaintiff, a state prisoner currently held at the California Men's Colony State Prison in San Luis Obispo, California, filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 21, 2018. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 6.) The Complaint names as defendants eight deputy sheriffs with the Palm Desert Sheriff's Department; all defendants are named in their official as well as individual capacities. (ECF No. 1 at 2-5.) Plaintiff's claims appear to arise from an incident on October 30, 2016, during which the deputies are alleged to have used excessive force against plaintiff. (*Id.* at 3-5.) Plaintiff's Complaint does not expressly set forth any claims, and it does not appear to seek any relief.

      The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough facts to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what

claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief;* and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of

which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the Complaint does not seek any relief from any defendant. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636,

4

**A.     Claims against the deputies in their official capacities**

The Complaint purports to name each defendant in his or her official capacity. (ECF No. 1 at 3-5.) Defendants appear to be employees of the Palm Desert Sheriff's Department ("PDSD"). (*Id*. at 2.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim against a defendant who is alleged to be employed by the PDSD in his or her official capacity is treated as a claim against the PDSD.

A local government entity such as the PDSD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any factual allegations giving rise to a reasonable inference that a specific policy or custom promulgated by the PDSD was the "actionable cause" of the alleged constitutional violation. *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In

---

ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

addition, liability against the PDSD arising from an improper custom or policy may not be premised on an isolated incident such as referenced in plaintiff's factual allegations in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice or custom of the PDSD that he alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the PDSD (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**B.     Rule 8**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against any named defendant. The Complaint includes some factual allegations in a section entitled "Request for Relief," but this section appears to begin in the middle of a sentence, and it is not clear if plaintiff intended to include other facts in his Complaint. (ECF No. 1 at 6.)

In this section, plaintiff alleges that Deputy Andrew[2] shoved plaintiff in the chest, punched plaintiff in the face, threw plaintiff to the ground and then continued to punch plaintiff in the face. Plaintiff told Deputy Andrew that he was not resisting,

---

[2] The Court notes that plaintiff spelled the name of this defendant as Andrew, Andrews, and Andrew's in the Complaint. The Court uses "Andrew" for simplicity.

6

but Deputy Andrew continued to assault plaintiff. (*Id.*) As to the other defendants, plaintiff merely makes the conclusory allegation that the "other officers joined in and started beating until [plaintiff] was unconciouse [sic]." (*Id.*) Plaintiff later woke up in a hospital, and he suffered fractures and a concussion. (*Id.*)

In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, if plaintiff wishes to proceed with any federal civil rights claims in this action, plaintiff must set forth simple, direct, and concise factual allegations showing that each official named as a defendant, "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

In addition, plaintiff's Complaint fails to raise any specific claim against any defendant. In order to satisfy the requirements of Rule 8, plaintiff's pleading must set forth a minimum factual or legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or

paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple, concise, and direct statement of the events giving rise to any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

Further, to the extent that plaintiff is alleging that excessive force was used against him during an arrest, plaintiff's claims arise under the Fourth Amendment. The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.'" *Graham v. Conner*, 490 U.S. 386, 394 (1989) (alterations in original). Such claims are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The determination of whether an officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Such an analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Moreover, the Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted). Here, because plaintiff fails to set forth any specific claim, fails to allege whether the use of force took place while he was being arrested or under other circumstances, and does not set forth any factual allegations concerning the crime or crimes for which he appears to have been arrested, it is not clear to the Court what the factual basis may be for any claim that plaintiff wishes to raise under the Fourth Amendment.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted because it fails to set forth a simple, concise, and direct statement of the factual and legal basis of each of plaintiff's claims against each defendant. In particular, plaintiff's Complaint does not simply, concisely, and directly set forth factual allegations sufficient to raise a reasonable inference that any named defendant took any action, participated in the action of another, or failed to perform an act that he or she was legally required to do that *caused* a constitutional deprivation. *See Leer*, 844 F.2d at 633.

If plaintiff desires to pursue any of his civil rights claims, he should set forth a short, direct, and plain statement of each claim showing that each defendant took a specific action, participated in another's action, or omitted to perform an action that caused an alleged constitutional deprivation. As discussed above, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a

specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West*, 487 U.S. at 48.

************

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 10/11/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE