# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE Z. GARCIA,<br><br>　　　　　Plaintiff,<br>　v.<br>JEFFERY ANDREWS, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 18-08198 MWF (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state prisoner currently held at the California Men's Colony State Prison in San Luis Obispo, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 21, 2018. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 6.) The Complaint named as defendants eight deputy sheriffs with the Palm Desert Sheriff's Department (the "PDSD"); all defendants were named in their official as well as individual capacities. (ECF No. 1 at 2-5.) Plaintiff's claims appeared to arise from an incident on October 30, 2016, during which the deputies were alleged to have used excessive force against plaintiff. (*Id*. at 3-5.) Plaintiff's Complaint did not expressly set forth any claims, and it did not appear to seek any relief.

　　　　The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Following careful review of the Complaint, the Court found that it failed to comply with Fed. R. Civ. P. 8 because it failed to state a short and plain statement that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the Complaint did not seek any relief from any defendant. Accordingly, on October 11, 2018, the Complaint was dismissed with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (ECF No. 9.)

Plaintiff filed a First Amended Complaint ("FAC") on October 31, 2018. (ECF No. 11.) In the FAC, plaintiff names as defendants Deputy Jeffery Andrews and Deputy D. Smith, both with the PDSD. Plaintiff names each officer in his official as well as individual capacity. (*Id*. at 3.) Plaintiff purports to raise two claims under the Fourth and Eighth Amendments, for "an illegal search and seazure [sic]" and the use of excessive force. (*Id*. at 5.) Both claims appear to arise from the incident on October 30, 2016. (*Id*. at 6.)

The Court has once again screened the pleading pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a

complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the FAC, the Court finds that it once again fails to comply with Rule 8 because it fails to state a short and plain statement that is

sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the FAC fails to sufficiently allege a claim upon which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

### A. Claims against the deputies in their official capacities

The FAC again purports to name the defendants in their official as well as individual capacities. (ECF No. 11 at 3.) Both defendants appear to be employees of the PDSD. (*Id*. at 3.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*,

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

473 U.S. at 166. Accordingly, any claim against a defendant in his official capacity who is alleged to be employed by the PDSD is treated as a claim against the PDSD.

A local government entity such as the PDSD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the FAC once again fails to set forth any factual allegations giving rise to a reasonable inference that a specific policy or custom promulgated by the PDSD was the "actionable cause" of the alleged constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the PDSD arising from an improper custom or policy may not be premised on an isolated incident such as referenced in plaintiff's factual allegations in the FAC. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's FAC fails to set forth any factual allegations concerning any

practice or custom of the PDSD that he alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation.

Accordingly, the Court finds that plaintiff's FAC fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the PDSD (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**B.     Rule 8**

Plaintiff's FAC violates Rule 8 and fails to state a plausible claim against any named defendant. The FAC appears to set forth two claims, but they are alleged together as "Claim 1 & 2." (ECF No. 11 at 5.) Plaintiff then states that he is alleging a Fourth Amendment claim arising from "an illegal search and seazure [sic]" and an Eighth Amendment claim for the "use of excessive force." (*Id*.) Plaintiff then references his "additional attachment sheets in support of facts [sic]" in which he sets forth factual allegations against both defendants arising from plaintiff's arrest on October 30, 2016. (*Id*. at 5-9.) In addition, within the factual allegations that appear to pertain to plaintiff's "Claim 1 & 2," plaintiff alleges that Deputy Andrews "had no probable cause to stop plaintiff" because plaintiff did not "fit the description of the alleged suspect." (*Id*. at 7-8.) Plaintiff references his attached Exhibit A. (*Id*. at 8.) Further, in a section entitled "Request for Relief," plaintiff seeks to have defendants "repremend" [sic] for, in part, "falsifying police reports against plaintiff." (*Id*. at 10.) It is, however, not clear if plaintiff is purporting to raise a claim against either defendant arising from an allegedly false police report.

In his "Additional Attachment Sheets," plaintiff alleges that Deputy Andrews stopped and questioned plaintiff on the street. (*Id*. at 6.) Deputy Andrews told plaintiff that he met, in part, the description of an individual Andrews was looking for. (*Id*.) Plaintiff started walking away, and then Deputy Andrews "jumped in front of plaintiff," "shoved plaintiff in the chest with both hands, and started punching plaintiff in the face with both fists." (*Id*. at 6.) Plaintiff backed away, trying to block

the blows to his face, and Deputy Andrews "put plaintiff in a choke hold and started choking plaintiff." (*Id*. at 6-7.) Andrews then took plaintiff to the ground and "continued punching and elbowing plaintiff in the face until plaintiff was knocked unconcious [sic]." (*Id*. at 7.) Plaintiff references his Exhibit A, which he identifies as Deputy Andrews' Police Report. (*Id*.) In plaintiff's attached Exhibit A, Deputy Andrews states that he first stopped plaintiff because plaintiff matched the description of a person who was reported as having committed a "forcible entry into a dwelling." Plaintiff was walking away from Deputy Andrews when a tenant from the apartment complex where the entry had occurred said that it was plaintiff who had been inside the apartment. (*Id.* at 15.)

Although plaintiff alleges he was "knocked unconcious [sic]" by Deputy Andrews, he also alleges that Deputy Smith assisted Andrews "in the illegal search and seazure [sic], and brutal beating of plaintiff. (*Id*. at 7.) Plaintiff alleges that Andrews beat "plaintiff senseless," but then he alleges that "Smith started beating plaintiff senseless along with Andrews." (*Id*. at 7.) Plaintiff also alleges that he yelled for help, and Smith told plaintiff to "shut his mouth," so it is not clear at what time plaintiff alleges that Deputy Smith arrived at the scene, how plaintiff knew that Deputy Smith had arrived, when plaintiff was knocked out, or what actions plaintiff alleges Deputy Smith took during the incident.

In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, if plaintiff wishes to proceed with any federal civil rights claims in this action, plaintiff must set forth simple, direct, and concise factual allegations showing that each named defendant, "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Further, plaintiff's FAC combines all of his factual allegations within one section that appears to be raising multiple claims. Plaintiff does not allege which factual allegations give rise to his purported claim under the Eighth Amendment. (*See id*. at 5.) Moreover, the Eighth Amendment only applies to claims arising after a criminal conviction. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Because the Fourth Amendment provides an explicit source of plaintiff's right to be free from unreasonable seizures, any claim that plaintiff wishes to raise concerning the use of excessive force during an arrest arises under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("the Fourth Amendment provides an explicit textual source of constitutional protection against [certain] … physically intrusive governmental conduct").

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.'" *Graham*, 490 U.S. at 394 (alterations in original). Plaintiff's claims regarding an allegedly unreasonable seizure are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The determination of whether an officer's use

of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Such an analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Moreover, the Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted). Here, because plaintiff fails to set forth a short and plain statement of each of his claims setting forth factual allegations giving rise to a reasonable inference that each defendant caused a specific constitutional violation, it is not clear to the Court what the factual basis may be for each claim that plaintiff wishes to raise against which defendant under the Fourth Amendment.

In order to satisfy the requirements of Rule 8, plaintiff's pleading must set forth a minimum factual or legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8

that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's FAC fails to set forth a simple, concise, and direct statement of the events giving rise to any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

Finally, plaintiff purports to allege that defendants did not have probable cause for plaintiff's arrest. (ECF No. 11 at 7-8.) Plaintiff is presently incarcerated. Because plaintiff does not allege what the grounds were for his arrest at the time of the incident, and plaintiff does not set forth any factual allegations showing that the charges arising from that arrest were dropped or that plaintiff was not convicted of any charges arising from that arrest, it appears to the Court that plaintiff may be purporting to raise a claim for being falsely accused of a criminal count. To the extent that plaintiff may be purporting to raise a claim for being falsely accused of one or more criminal counts, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Plaintiff may not use a civil rights action such as this to challenge the validity or duration of any conviction. That relief is available only in a habeas corpus action.

In addition, to the extent that plaintiff is seeking damages for an allegedly unlawful conviction, his claims are not cognizable in a civil rights action unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005).

For these reasons, the Court finds that plaintiff's FAC violates Rule 8 and fails to state a claim upon which relief may be granted.

If plaintiff desires to pursue his civil rights claims, he should set forth a short, direct, and plain statement of each claim showing that each defendant took a specific action, participated in another's action, or omitted to perform an action that caused an alleged constitutional deprivation. As discussed above, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West*, 487 U.S. at 48.

In addition, although plaintiff requests the Court to "request and review both these defendants [sic] body-cams" (ECF No. 11 at 7), the Court may not look outside the pleading in deciding the sufficiency of the allegations in the FAC. Further, discovery has not yet commenced in this action. Accordingly, the Court denies this request from plaintiff.

************

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second

Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 11/6/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE