# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE Z. GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY ANDREWS, *et al.*,<br><br>　　　　Defendants. | Case No. 2:18-cv-08198-MWF (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner currently held at the California Men's Colony State Prison in San Luis Obispo, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 21, 2018. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 6.) The Complaint named as defendants eight deputy sheriffs with the Palm Desert Sheriff's Department (the "PDSD"); all defendants were named in their official as well as individual capacities. (ECF No. 1 at 2-5.) Plaintiff's claims appeared to arise from an incident on October 30, 2016, during which the deputies were alleged to have used excessive force against plaintiff. (*Id*. at 3-5.) Plaintiff's Complaint did not expressly set forth any claims, and it did not appear to seek any relief.

The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Following careful review of the Complaint, the Court found that it failed to comply with Fed. R. Civ. P. 8 because it failed to state a short and plain statement that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the Complaint did not seek any relief from any defendant. Accordingly, on October 11, 2018, the Complaint was dismissed with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (ECF No. 9.)

Plaintiff filed a First Amended Complaint ("FAC") on October 31, 2018. (ECF No. 11.) In the FAC, plaintiff named as defendants Deputy Jeffery Andrews and Deputy D. Smith, both with the PDSD. Plaintiff named each officer in his official as well as individual capacity. (*Id.* at 3.) Plaintiff's FAC purported to raise two claims under the Fourth and Eighth Amendments, for "an illegal search and seazure [sic]" and the use of excessive force. (*Id.* at 5.) Both claims appeared to arise from the incident on October 30, 2016. (*Id.* at 6.)

Following careful review of the FAC, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the FAC failed to sufficiently allege a claim upon which relief may be granted. Accordingly, the FAC was dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a Second Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. (ECF No. 12.)

Plaintiff filed a Second Amended Complaint ("SAC") on January 25, 2019. (ECF No. 15.) In the SAC, plaintiff names as defendants Deputy Jeffery Andrews and Deputy D. Smith, both with the PDSD. Plaintiff names each officer in his individual capacity. (*Id*. at 3.) Plaintiff's SAC purports to raise one claim under the Fourth Amendment, for "an illegal search and seazure [sic]" and the use of excessive force. (*Id*. at 5.) Plaintiff's claim appears to arise from the incident on October 30, 2016. (*Id*. at 6.) Plaintiff seeks monetary relief. (*Id*. at 10.)

The Court has once again screened the pleading pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts

conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple,

4

concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the SAC, the Court finds that it complies with Rule 8 because it provides a short and plain statement that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, the SAC sufficiently alleges a claim for excessive force against defendant Andrews. However, the SAC fails to sufficiently allege a claim upon which relief may be granted with respect to any claim against defendant Smith. The SAC also fails to sufficiently allege any claim upon which relief may be granted with respect to plaintiff's Fourth Amendment search and seizure claims. Accordingly, the SAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

A. **Pleading Requirements**

To state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

A claim for the excessive use of force by an officer falls under the Fourth Amendment right to be free from unreasonable seizures of the person. *See* U.S. Const. amend. IV; *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

unreasonable . . . seizures' of the person.'" *Graham*, 490 U.S. at 394 (alterations in original). A plaintiff's claims regarding an allegedly unreasonable seizure are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388, 394). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

The determination of whether an officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Such an analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Moreover, the Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted).

**B.** **Defendant Andrews**

Plaintiff claims that defendant Andrews ("Andrews") violated his Fourth Amendment rights when Andrews used excessive force during a *Terry* stop that resulted in an arrest. Plaintiff alleges that: (1) on the night of October 30, 2016, Andrews "stopped Plaintiff while Plaintiff was walking east of Detil Way in the City

of Palm Desert;" (2) Andrews asked plaintiff's name and if plaintiff "was on probation or parole;" (3) Andrews told plaintiff the reason he asked was because plaintiff "fit the description of a bold (sic) headed Mexican;" (4) plaintiff gave Andrews his name and the two men "walked away from each other;" (5) "after a short distance," Andrews yelled plaintiff's name and said plaintiff "wasn't free to go yet because Andrews needed to clear something up;" (6) plaintiff "stopped, turned around, and asked Andrews if Plaintiff was under arrest;" (7) Andrews said plaintiff was not under arrest, and plaintiff turned to walk away; (8) Andrews jumped in front of plaintiff, yelled at plaintiff, shoved plaintiff in the chest, pushed plaintiff back, and started punching plaintiff in the face; (9) plaintiff backed away from Andrews, "with both arms held up in an attempt to block Andrews blows;" (10) Andrews put plaintiff in a "choke hold;" (11) Andrews wrapped his legs around plaintiff's waist, "taking plaintiff to the ground and continued punching and elbowing Plaintiff in the face until knocking Plaintiff unconscious;"[2] (12) as a result of Andrews' actions, plaintiff suffered a concussion, a broken lacrimal bone, a fractured skull, nerve damage, a torn labrum, a shoulder injury, and bite marks; (13) as a result of Andrews' actions, plaintiff was diagnosed with and was treated for "Post-Trumadic (sic) Stress." (ECF No. 15 at 6-8, 30.)

Based upon the foregoing, the court finds that plaintiff has satisfied the requirements of Rule 8, by setting forth a factual basis for his claim that is sufficient to give defendant Andrews fair notice of what plaintiff's claim is and the grounds upon which it rests. Further, taking plaintiff's factual allegations as true and construing those facts in the light most favorable to plaintiff, the Court finds that

---

[2] Plaintiff's SAC is unclear as to when, exactly, plaintiff lost consciousness, or if he was in fact knocked unconscious. However, at what point plaintiff lost consciousness or whether he lost consciousness is not dispositive as to whether plaintiff has stated a plausible claim that may entitle him to relief.

plaintiff has met the minimal pleading criteria to state a Fourth Amendment claim for excessive force.

## C. **Defendant Smith**

Plaintiff alleges that: (1) defendant Smith ("Smith") arrived "on the scene to assist Andrews, and while Andrews was in the process of beating on Plaintiff . . . Smith immediately held Plaintiff by the legs while Andrews continued punching and elbowing Plaintiff's face;" (2) "[w]hile Andrews was beating on Plaintiff and Smith was holding onto Plaintiff's legs, Smith yelled to Andrews that Plaintiff was reaching for Smith's gun, and this caused Andrews to pick up the pace in beating on Plaintiff and Smith joined in by beating on Plaintiff also;" and (3) Smith told plaintiff to "Shut your mouth!" (ECF No. 15 at 7-8.)

Based upon the foregoing, the court finds that plaintiff has satisfied the requirements of Rule 8, by setting forth a factual basis for his claim that is sufficient to give defendant Smith fair notice of what plaintiff's claim is and the grounds upon which it rests. However, the Court finds that plaintiff has not met the minimal pleading criteria to state a Fourth Amendment excessive force claim. Here, plaintiff alleges that defendant Smith arrived on scene after Andrews and plaintiff were on the ground. (*See* ECF No. 15 at 7 ¶¶ 5-6; 16-17.)

The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "[T]he most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *City of Anaheim*, 823 F.3d at 1255. Taking the facts alleged in the SAC as true and construing them in the light most favorable to plaintiff, it appears that, after coming upon Deputy Andrews and plaintiff "struggling on the ground" (ECF No. 15 at 20), Smith's reaction of grabbing plaintiff's legs, attempting to subdue him, and handcuffing him, was "'objectively reasonable' in light of the facts and circumstances confronting [him]." *Graham*, 490 U.S. at 397.

## D. Fourth Amendment violations pursuant to *Terry* and unlawful arrest

Plaintiff alleges that defendant Andrews did not have probable cause to stop him. (ECF No. 15 at 8.) As a general matter, the Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. Without making an arrest, a law enforcement officer may stop any person in a public place whom such officer reasonably suspects is committing, has committed, or is about to commit a crime and may demand the name and address of such suspect and an explanation of such suspect's actions. *Terry v. Ohio*, 392 U.S. 1 (1968). In *Terry*, the Court held an officer may stop and frisk an individual even though the officer does not have probable cause to believe a crime has been or is being committed if the officer is able to point to "specific and articulable facts which, when taken together with reasonable inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21.

Here, Plaintiff alleges Andrews told him that he was stopped because he "fit the description of a [bald] headed Mexican." (ECF No. 15 at 6.) The exhibits attached to Plaintiff's SAC show that Deputy Andrews was responding to a "call of forcible entry" and that plaintiff "partially match[ed] the description of the suspect." (*Id*. at 33.) The suspect was described as "a Hispanic male adult about 5'02", a shaved haircut, wearing a grey sweater and blue jean shorts." (*Id*.) That night, plaintiff was described as a Hispanic male with a shaved head, "wearing a grey jacket and white plaid shorts." (*Id*.) After Deputy Andrews concluded the initial stop, a witness identified plaintiff as the suspect. (*Id*.) Accordingly, plaintiff has failed to state a claim for a Fourth Amendment violation with respect to being stopped and questioned by Deputy Andrews.

Plaintiff alleges that his Fourth Amendment rights were violated when he was arrested without probable cause. In support of his claim, plaintiff states that, on April 14, 2017, he was "convicted of Resisting or Deterring Officer, and the original

1 charges of vandalism and forcible entry; and property damage were all dismissed. (Riverside Country Super.Ct. number: INF 1601632)." (*Id.* at 9.) "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007)). In making such a determination, a court may "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Maryland v. Pringle,* 540 U.S. 366, 371 (2003).

In his SAC, plaintiff states that Deputy Andrews was looking for a bald headed Mexican and plaintiff is a bald headed Mexican, alluding that the only reason plaintiff was arrested was because he is Mexican. ("Plaintiff then asked Andrews if Andrews was going to harass every bold (sic) headed Mexican." (ECF No. 15 at 6.)) However, the facts in plaintiff's SAC, including that a witness identified plaintiff as the suspect and that plaintiff fled (*id.* at 23), tend to show that "under the totality of the circumstances known to the arresting officers . . ., a prudent person would believe the suspect had committed a crime." *Dubner,* 266 F.3d at 966. Accordingly, based on the current allegations in the SAC, plaintiff has failed to state a claim for a Fourth Amendment violation with respect to his arrest.

\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third

Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/11/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments:  Civil Rights Complaint (CV-066)
             Notice of Dismissal (CV-009)